| | |
|---|---|
| CLAYTON BYRD in his official capacity as Executive Director of the TENNESSEE ALCOHOLIC BEVERAGE COMMISSION, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | No. 16-1031-II |
| TENNESSEE WINE AND SPIRITS RETAILERS ASSOCIATION, KIMBROUGH FINE WINE & SPIRITS, TOTAL WINE SPIRITS BEER & MORE, ) ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### INTRODUCTION

This is an action brought by Clayton Byrd, in his official capacity as Executive Director of the Tennessee Alcoholic Beverage Commission ("Commission"), by and through his counsel of record, the Attorney General and Reporter of the State of Tennessee, seeking a declaratory order that construes the constitutionality of the two-year residency requirement outlined in Tenn. Code Ann. § 57-3-204(b)(2)(A) in order to determine the parties' rights under the statute. Currently, at least two nonresident entities have applied to the Commission for a retail package store license and are awaiting the Commission's decision to either grant or deny their applications.

### I. PARTIES

1.  Plaintiff Clayton Byrd is the Executive Director of the Tennessee Alcoholic Beverage Commission. Director Byrd is "solely responsible to the commission for the administration and enforcement of this chapter and shall be responsible for the performance of all duties and functions

EXHIBIT 1

delegated by the commission." Tenn. Code Ann. § 57-1-105. The Commission has a duty to "[i]ssue all licenses in respect to . . . sale, and delivery of alcoholic beverages . . . ." Tenn. Code Ann. § 57-3-104(c)(1).

2. Defendant Tennessee Wine & Spirits Retailers Association ("TWSRA") is a Tennessee nonprofit corporation that "represents more than 600 small business owners across Tennessee," and "was founded to protect the interests of the independent package store owners across Tennessee." Tennessee Wine & Spirits Retailers Association, twsra.com, 8/25/16. Its principal office is located at 331 West College St., Pulaski, TN 38478.

3. Defendant Kimbrough Fine Wine & Spirits ("Kimbrough") is in the process of purchasing an existing store located at 1483 Union Avenue, Memphis, Tennessee 38104, at which it plans to conduct business. Kimbrough recently incorporated in Tennessee, but its principal office and headquarters are at 3367 S. Skyhawk View Cir., West Valley City, Utah 84128.

4. Defendant Total Wine Spirits Beer & More ("Total Wine") is requesting a retail package store license for a location at 6622 Charlotte Pike, Ste. 104, Nashville, Tennessee 37209. Total Wine is incorporated in Delaware and its corporate headquarters are located at 6600 Rockledge Drive, No. 150, Bethesda, MD 20817.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Tenn. Code Ann. § 16-11-101 and § 16-11-102 and the Declaratory Judgment Act, Tenn. Code Ann. §§ 29-14-101, *et seq*.

6. Venue in this Court is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-104. Defendants are not natural persons. Their applications for retail liquor licenses are currently pending in Davidson County, and Plaintiff's decision to grant or deny the applications will occur

2

in Davidson County. Thus, a substantial amount of the acts or omissions giving rise to this cause of action have accrued here.

### III. APPLICABLE LAW

7. Tenn. Code Ann. § 57-3-204(b)(2) provides as follows:

    No retail license under this section may be issued to any individual:

    (A) Who has not been a bona fide resident of this state during the two-year period immediately preceding the date upon which application is made to the commission or, with respect to renewal of any license issued pursuant to this section, who has not at any time been a resident of this state for at least ten (10) consecutive years...

8. Since its original enactment in 1939, this provision has required either a two-year citizenship or two-year residency requirement for retail license holders. 1939 Tenn. Pub. Acts, ch. 49, §§ 7, 8.

9. In 2014, the General Assembly added an additional section, which explains the purpose of the residency requirement as follows:

    It is the intent of the general assembly to distinguish between licenses authorized generally under this title and those specifically authorized under this section. Because licenses granted under this section include the retail sale of liquor, spirits and high alcohol content beer which contain a higher alcohol content than those contained in wine or beer, as defined in § 57-5-101(b), it is in the interest of this state to maintain a higher degree of oversight, control and accountability for individuals involved in the ownership, management and control of licensed retail premises. For these reasons, it is in the best interest of the health, safety and welfare of this state to require all licensees to be residents of this state as provided herein and the commission is authorized and instructed to prescribe such inspection, reporting and educational programs as it shall deem necessary or appropriate to ensure that the laws, rules and regulations governing such licensees are observed.

Tenn. Code Ann. § 57-3-204(b)(4).

## IV. FACTUAL ALLEGATIONS

10. The Commission has a duty to "[i]ssue all licenses in respect to . . . sale, and delivery of alcoholic beverages . . . ." Tenn. Code Ann. § 57-3-104(c)(1).

11. Defendant Kimbrough is in the process of purchasing the business located at 1483 Union Avenue, Memphis, Tennessee 38104 from the current owner. The purchase is pending the Commission's approval.

12. Defendant Kimbrough has submitted an application for a retail package store license to the Commission and is awaiting a determination. Defendant Kimbrough does not meet the residency requirements in Tenn. Code Ann. § 57-3-204(b)(2)(A).

13. Defendant Total Wine is planning to open a location in Tennessee and has submitted an application for a retail package store license to the Commission. It is also awaiting a determination. Defendant Total Wine does not satisfy the residency requirements in Tenn. Code Ann. § 57-3-204(b)(2)(A).

14. In reliance on two Tennessee Attorney General's Opinions that specifically address the residency requirement in Tenn. Code Ann. § 57-3-204(b)(2) and finding no other grounds for denying the nonresidents' license applications, the Commission's staff would recommend approval of both nonresidents' license applications but for the conflicting statutory residency requirement. Tenn. Att'y Gen. Ops. 14-83 and 12-59.

15. Both nonresident Defendants' applications were scheduled to be heard at the Commission's August 23, 2016, meeting but a decision on the applications was continued to the September 29, 2016, meeting so that the Commission could explore the legal ramifications of either granting or denying retail package store licenses to nonresident applicants and consult with counsel, the Tennessee Attorney General, regarding this decision.

16. In anticipation of the Commission's decision whether to grant or deny the nonresident Defendants' applications for retail package store licenses, counsel for TWSRA has contacted Director Byrd.

17. Counsel for TWSRA has advised Director Byrd that if the Commission grants a retail package store license to a nonresident entity, Tennessee residents with retail package store licenses "would immediately file suit . . . asking a court to make a Tennessee Agency follow current Tennessee law passed by the Tennessee Legislature elected by Tennessee citizens." (Attachment "A"—Email from Kurtis J. Winstead to Director Byrd 7/16/16.)

18. Conversely, counsel for both Defendants Kimbrough and Total Wine have suggested to Director Byrd that if the Commission denies their nonresident applications for a retail package store license, they will pursue legal action against the Commission, which would likely involve a constitutional challenge to the residency requirement.

19. The threat of litigation from both resident and nonresident entities upon issuance of either decision, along with the Attorney General's Opinions regarding Tenn. Code Ann. § 57-3-204(b)(2)(A), has created uncertainty in the Commission about the correct application of the residency requirement to nonresident Defendants' applications.

20. A determination of all parties' rights under Tenn. Code Ann. § 57-3-204(b)(2)(A) through this Court's determination of the statute's constitutionality will afford relief to Director Byrd.

## V. CAUSE OF ACTION

21. Plaintiff repeats and incorporates by reference all of the above allegations of the Complaint as though fully set forth herein.

22. A controversy exists regarding the constitutionality of the residency requirement contained in Tenn. Code Ann. § 57-3-204(b)(2)(A).

5

23. Both nonresident Defendants have suggested to Director Byrd that they will pursue legal action against the Commission if their applications are denied.

24. Counsel for the TWSRA has advised Director Byrd that it will pursue litigation against the Commission if the nonresidents' applications are granted.

25. Regardless of whether the Commission grants or denies Defendants' nonresident applications for retail liquor licenses, the State faces imminent litigation with the attendant financial cost and use of State resources.

26. Accordingly, the Commission seeks a declaratory order from the Court regarding the constitutionality of the residency requirement in Tenn. Code Ann. § 57-3-204(b)(2)(A).

27. Such a determination is necessary for the Commission to lawfully fulfill its duties under Tenn. Code Ann. § 57-3-104(c)(1) and correctly determine whether nonresident Defendants may be issued a retail liquor license.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment as follows:

1. Allowing this Complaint to be filed without cost bond as provided in Tenn. Code Ann. § 20-13-101 and issuing and serving process upon Defendants requiring them to appear and to answer this Complaint;

2. Ordering a speedy hearing of this action for declaratory judgment and advancing it on the Court's calendar pursuant to Tenn. R. Civ. P. 57;

3. Issuing a declaratory judgment that that the residency requirement in Tenn. Code Ann. § 57-3-204(b)(2)(A) is either constitutional or unconstitutional; and

4. Awarding Plaintiff such other further relief to which he may be entitled.

Respectfully Submitted,

*[signature]*
HERBERT H. SLATERY III (BPR 9077)
Attorney General and Reporter

*[signature]*
SARA BETH MYERS (BPR 29935)
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, TN 37202-0207
(615)532-6023  Fax (615) 532-4892
Sarabeth.Myers@ag.tn.gov

7

# Attachment A

FILED
2016 SEP 21 PM 3:19
DAVIDSON CO. CHANCERY CT.
DC&M

| To: | Clay Byrd |
|---|---|
| Subject: | RE: Residency requirement |

**From:** Kurt Winstead [mailto:KWinstead@rudylaw.net]
**Sent:** Saturday, July 16, 2016 6:29 PM
**To:** Clay Byrd
**Subject:** Follow up from July 12 Meeting



\*\*\* This is an EXTERNAL email. Please exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email - STS-Security. \*\*\*

Clay:
I appreciate you taking the time last week to call me with your thoughts on Tennessee's long-standing *state residency requirement* for obtaining a Retail Package Store license currently mandated under state law. There is no similar requirement under WIGS for grocery stores since selling a lower alcohol content wine or beer. No question you are well versed on the differing legal arguments on whether such requirement *is, or is not*, constitutional given the tension between the dormant commerce clause and state's rights under the 21st Amendment.

The analysis and persuasive arguments from other jurisdictions are fascinating, but none of us will actually know for sure the status of this Tennessee law until a Federal District/Circuit Court makes that determination for our jurisdiction. This will only become a *justiciable controversy* when the TABC *either* grants a Retail Package Store license to an out-of-state person/entity in clear violation of state statute OR denies a license request from an out-of-state resident/entity by following current law. Either way, the actions of the TABC will immediately provide a *justiciable controversy* allowing the injured party to move forward so a court can ultimately rule on the constitutionality of the State Residency Requirement... whether the out-of-state party denied a request for a license files suit OR the current Tennessee resident license holders, if the license is granted to an out-of-state party, files for an injunction/mandamus/declaratory judgment.

In reviewing my notes from our conversation, you referenced a "concern" over a lawsuit or maybe possibly avoiding a lawsuit over the matter, or something to that effect, if my notes are correct. No one knows how a lawsuit will untimely turn out until a final decision is made, even though the issue may be clear to them personally. *As you can see above, a lawsuit on this matter is inevitable either way*. The purpose of our meeting Monday *was not* to argue the merits of constitutionality or to change any one's view on the substantive legal arguments. That is ultimately within the court's realm.
*The purpose of the meeting was to understand the options and ramifications for the TABC in determining procedurally how this becomes justiciable:*

*Option 1:*
Follow current, long-standing, state law (which was recently reinforced while passing WIGS) and *deny a license request by an out-of-state party*. This is the current law and the clear expression of the legislature. If that was not their intent, why pass it? All state citizens and agencies are required to follow the law, so discretion or second guessing is not necessary. The injured party denied the license will file suit to test the constitutionality of the statue's residency requirement, and the case will move procedurally forward in the courts like all other cases with similar issues with the plaintiff being the entity requesting the license in violation of statute. Since only 2 licenses potentially available, the out-of-state requesting party *may* not even sue if it determines not worth it without more license available. This option has been the option of choice in other jurisdiction on similar issue litigation, based on our research. If the out-of-state party really ants a license, they can pursue this

1

litigation until the constitutionality of the residency requirement is determined once and for all. TABC is just following and enforcing the law as mandated. This is the cleanest, most obvious procedural route.

Option 2:
Grant license to out-of-state party in direct violation of statutory law and the will of the legislature. The injured party then would be Tennessee residents with a retail package store license. They would immediately file suit for injunction/mandamus asking a court to make a Tennessee Agency follow current Tennessee law passed by the Tennessee Legislature elected by Tennessee citizens. This, too, will ultimately bring in to question and test the constitutionality of the statutory residency requirement. This method is obviously more procedurally and politically messy and our research has not found where this option has been followed in any other similar issue litigation. Since the legislature has already clearly spoke on this issue, the judicial system is the only remaining outlet for the Tennessee Retail Package store licensees to enforce current law by having the courts determine if the residency requirement is valid.

I do not think there are any options where a decision by the TABC on the matter will avoid litigation. I wanted to clearly set out these procedural options because you mentioned concern over potential litigation and I did not want you to be surprised by litigation developing either way regardless of TABC's actions. This is important because the TABC's actions, of either granting or denying a license, will be the flash point for this issue and definitely affect how the issue is procedurally framed for the courts and who will be the plaintiff/petitioner.

Hope this helps.
Thanks,
Kurt

Kurtis J. Winstead, Esq.

Rudy Winstead Turner PLLC
— ATTORNEYS AT LAW —

RUDY WINSTEAD TURNER PLLC
ATTORNEYS AT LAW
2010 21ST AVE S
NASHVILLE, TENNESSEE 37212

(P) 615.515.3530  (F) 615.515.3512

www.rudylaw.net

NOTE: This communication is PRIVILEGED AND CONFIDENTIAL and is intended only for the use of the party(-ies) to which it is directed (see addressee or addressees named above). If the reader of this message is not the addressee, or the employee or agent responsible for delivering it to the intended recipient, he or she is requested not to read it and to delete it immediately and permanently. Any further distribution, dissemination or copying of this message is strictly prohibited. Also, please immediately notify us by telephone that you have received this message in error. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney-client privilege or work-product immunity. This communication is protected (as applicable) by 18 U.S.C. § § 2701, et seq.

This e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to determine that the e-mail contains no viruses. No responsibility is accepted by Rudy Winstead Turner, PLLC for any loss or damage arising in any way from its use.

Treasury Department Circular 230 Disclosure: To ensure compliance with requirements imposed by the Treasury Department, we inform you that any U.S. federal tax advice contained in this message (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code; or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# ORIGINAL

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS | CASE FILE NUMBER<br>16-1031-II |
|---|---|---|
| **PLAINTIFF**<br>Clayton Byrd in his official capacity as Executive Director of the Tennessee Alcoholic Beverage Commission | **DEFENDANT**<br>Tennessee Wine and Spirits Retailers Association | |

TO: (NAME AND ADDRESS OF DEFENDANT)

Tennessee Wine & Spirits Retailers, Inc.
Joyce McDaniel (registered agent)
401 Church St.
Ste 2420
Nashville, TN 37219

RECEIVED
OCT 13 2016
Dav. Co. Chancery Court

Method of Service:
- ☑ Certified Mail
- ☐ Davidson Co. Sheriff
- ☐ *Comm. Of Insurance
- ☐ *Secretary of State
- ☐ *Out of County Sheriff
- ☐ Private Process Server
- ☐ Other
  *Attach Required Fees

List each defendant on a separate summons.

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Sara Beth Myers<br>Assistant Attorney General<br>500 Charlotte Ave.<br>Nashville, TN 37243<br>615-532-6023 | **FILED, ISSUED & ATTESTED**<br>SEP 22 2016<br><br>MARIA M. SALAS, Clerk and Master<br>By: 1 Public Square<br>Suite 308<br>Nashville, TN 37201<br><br>Deputy Clerk & Master |
|---|---|

## NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

♿ADA Coordinator, Maria M. Salas (862-5710)

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____  ☐ Not Found _____
☐ Not Served _____  ☐ Other _____

DATE OF RETURN: _____

By: _____
Sheriff/or other authorized person to serve process

**FILED OCT 13 2016 MARIA M. SALAS DAVIDSON CO. CHANCERY CT. C&M**

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the 26th day of September, 2016, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case 16-1031-I to the defendant Tennessee Wine & Spirits Retailers Assn. On the 28th day of September, 2016, I received the return receipt, which had been signed by Victoria Leggett on the 26th day of September, 2016.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this 13th day of October, 2016.

Signature of ☒ Notary Public or ☐ Deputy Clerk

My Commission Expires: 3/7/17

(Seal: JUDY L. JORDAN, STATE OF TENNESSEE NOTARY PUBLIC, _____ COUNTY)

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

## CERTIFICATION (IF A[PPLICABLE])

I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case.

M[aria M. Salas]

By _____

*[Return receipt card shown — Article Addressed to: Tennessee Wine & Spirits Retailers (Joyce McDaniel Registered Agent) 401 Church St. 5th fl., Nashville, TN 37219; Article Number: 7016 0910 0000 9022 5244]*