IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CLAYTON BYRD in his official capacity as Executive Director of the TENNESSEE ALCOHOLIC BEVERAGE COMMISSION | ) ) ) ) ) | Case No. 3:16-cv-02738 |
| Plaintiff, | ) ) | Judge Sharp |
| V. | ) ) ) | Magistrate Judge Frensley |
| TENNESSEE WINE AND SPIRITS RETAILERS ASSOCIATION, *et al.*, | ) ) | |
| Defendants. | | |

# MEMORANDUM

Pending before the Court are the following motions: Defendant Tennessee Fine Wines and Spirits, LLC's (d/b/a Total Wine Spirits Beer & More) ("Tennessee Fine Wines") and Defendant Affluere Investments, Inc.'s (d/b/a Kimbrough Fine Wine & Spirits) ("Affluere") Motions to Remand, (Docket Nos. 9, 20), to which Defendant Tennessee Wine and Spirits Retailers Association ("the Association" or "Association") has responded, (Docket No. 23); Defendant Association's Motion to Realign Parties, (Docket No. 24), to which Defendant Tennessee Fine Wines, Defendant Affluere, and Plaintiff Clayton Byrd ("Byrd") have filed Responses in Opposition, (Docket Nos. 30, 31, 36), and to which Defendant Association has filed replies (Docket No. 39, 42); and Defendant Association's Motion to Strike, (Docket No. 32), to which Defendant Tennessee Fine Wines has filed a Response in Opposition, (Docket No. 35). For the reasons set forth below, Defendant Association's Motion to Strike will be denied; Defendant Association's Motion to Realign Parties will be granted; and Defendant Tennessee

1

Fine Wines' and Defendant Affluere's Motions to Remand and requests for attorney's fees will be denied.

## STATEMENT OF THE CASE

Plaintiff Byrd, in his official capacity as Executive Director of the Tennessee Alcoholic Beverage Commission ("the Commission"), originally filed this action in the Chancery Court for Davidson County, Tennessee seeking a declaratory judgment regarding the constitutionality of the two-year residency requirement outlined in Tenn. Code Ann. § 57-3-204(b)(2)(A). (Docket No. 1-1). That provision provides as follows:

> No retail license under this section may be issued to any individual: Who has not been a bona fide resident of this state during the two-year period immediately preceding the date upon which application is made to the commission or, with respect to renewal of any license issued pursuant to this section, who has not at any time been a resident of this state for at least ten (10) consecutive years[.]

In addition to himself, Plaintiff Byrd listed the following as parties[1] to the action: "Defendant Tennessee Wine & Spirits Retailers Association," "Defendant Kimbrough Fine Wine & Spirits," and "Defendant Total Wine Spirits Beer & More." (Id. at 2, ¶¶ 2-4). In his Complaint, Plaintiff Byrd alleges the following:

The Commission oversees the issuance of alcohol licenses. Both Defendant Kimbrough Fine Wine & Spirits and Defendant Total Wine Spirits Beer & More submitted applications to the Commission for a retail package store license, but neither meets the residency requirement. Relying on two Tennessee Attorney General's Opinions finding the residency requirement unconstitutional and finding no other reason to deny the nonresidents' license application, the Commission otherwise would recommend approving the pending applications. The Commission postponed making a decision on the applications in order to explore the legal consequences of

---

[1] When the Court describes the allegations in Plaintiff Byrd's Complaint, the Court refers to the parties in the same manner in which Plaintiff Byrd does.

either granting or denying the licenses and to consult with counsel, the Tennessee Attorney General. In anticipation of the decision, counsel for Defendant Tennessee Wine & Spirits Retailers Association contacted Plaintiff Byrd and advised that, "if the Commission grants a retail package store license to a nonresident entity, Tennessee residents with retail package store licenses 'would immediately file suit . . . asking a court to make a Tennessee Agency follow current Tennessee law passed by the Tennessee Legislature elected by Tennessee citizens.'" (Id. at 5, ¶ 17). Counsel for both Defendant Kimbrough Fine Wine & Spirits and Defendant Total Wine Spirits Beer & More "have suggested to Director Byrd that if the Commission denies their nonresident applications for a retail package store license, they will pursue legal action against the Commission, which would likely involve a constitutional challenge to the residency requirement." (Id. at 5, ¶ 18). Plaintiff Byrd further asserts that "[t]he threat of litigation from both resident and nonresident entities upon issuance of either decision, along with the Attorney General's Opinions regarding Tenn. Code. Ann. § 57-3-204(b)(2)(A), has created uncertainty in the Commission about the correct application of the residency requirement to nonresident Defendants' applications." (Id. at 5, ¶ 19).

Defendant Association filed a Notice of Removal pursuant to 28 U.S.C. § 1446(b) on October 19, 2016, removing the case to this Court based on this Court's federal question jurisdiction under 28 U.S.C. § 1331. Defendant Tennessee Fine Wines and Defendant Affluere seek to remand the case, arguing that the Notice of Removal is defective because they did not consent or join in.

## LAW AND ANALYSIS

I. **Motion to Strike**

As an initial matter, the Court will address Defendant Association's Motion to Strike. (Docket No. 32). The Federal Rules of Civil Procedure provides a way for courts to strike only documents or portions of documents that are pleadings. See Fed. R. Civ. P. 12(f). When deciding whether to strike non-pleading documents, such as the Responses in Opposition at issue here, trial courts invoke their inherent power to manage their own dockets. See In re Air Crash Disaster, 86 F.3d 498, 516 (6th Cir. 1996) (quoting In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982)) ("[M]atters of docket control . . . are committed to the sound discretion of the district court."); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010) (citing Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 586-88 (9th Cir. 2008) and Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1224-26 (9th Cir. 2005)) (stating that district courts' inherent power to control their own dockets "includes the power to strike items from the docket as a sanction for litigation conduct."). "However, motions to strike are generally disfavored and should only be granted when the material at issue has 'no possible relation to the controversy.'" A Metal Source, LLC v. All Metal Sales, Inc., No. 1:14-CV-01020-DAP, 2016 WL 245981, at *3 (N.D. Ohio Jan. 21, 2016).

Defendant Association asks this Court to strike Defendant Tennessee Fine Wines' and Defendant Affluere's Responses in Opposition, (Docket Nos. 30, 31), to Defendant Association's Motion to Realign Parties, (Docket No. 24). To support its motion, Defendant Association argues that Defendants Tennessee Fine Wines and Affluere "used their purported responses to the Association's motion to realign the parties as vehicles to reargue their motions to remand without seeking leave of Court to file replies" pursuant to Local Rule 7.01(b). (Docket Nos. 32 at 1; 33 at 2).

Defendant Tennessee Fine Wines opposes the Motion to Strike. It asserts that Defendant Association argues against the Motions to Remand on the grounds that 1) "the parties should be realigned so that the Association is the only defendant[,]" eliminating the need for consent to removal and 2) Defendants Tennessee Fine Wines and Affluere were not "'properly joined and served' before removal." (Docket No. 35 at 1). Because those arguments are "logically related," Defendant Tennessee Fine Wines contends that it was appropriate to address the issue of allegedly not having been "properly joined and served" in its Response in Opposition to Defendant Association's Motion to Realign Parties. (Id. at 2).

The undersigned judge has opted out of Local Rule 7.01(b) and "does not require a motion seeking permission to file a reply." Practice and Procedure Manual for Judges and Magistrate Judges for the Middle District of Tennessee (Judge Kevin H. Sharp), § III(C)(3). For that reason alone, Defendant Association's argument in support of its Motion to Strike is unavailing. Furthermore, even though it is true that Defendant Association filed a separate Motion to Realign Parties, it clearly argued in its Response to the Motions to Remand that Defendants Tennessee Fine Wines and Affluere should be realigned as plaintiffs. (Docket No. 23 at 5-6). Given the connection between the Motions to Remand and the Motion to Realign Parties, the Court takes no issue with Defendants Tennessee Fine Wines and Affluere having advanced arguments beyond those strictly related to the Motion to Realign Parties in their Responses in Opposition to it. Therefore, Defendant Association's Motion to Strike will be denied. The Court will consider arguments raised in the memoranda that Defendant Association sought to strike when ruling on the Motions to Remand and the Motion to Realign Parties.

**II.    Motions to Remand and Motion to Realign Parties**

"The party seeking removal bears the burden of establishing its right thereto. All doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction. The removal statute is to be strictly construed, with all doubts resolved against removal." Brown v. New Jersey Mfrs. Ins. Grp., 322 F. Supp. 2d 947, 950 (M.D. Tenn. 2004) (internal citations omitted).

### A. Properly Joined and Served

Under 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a)[2], all defendants who have been properly joined and served must join in or consent to the removal of the action." The Sixth Circuit has recognized that "a rule of unanimity . . . has been derived from the statutory language prescribing the procedure for removing a state action to federal court, . . . demand[ing] that all defendants must join in a petition to remove a state case to federal court." Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003) (citing Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n.3 (6th Cir. 1999)). In Loftis, the Sixth Circuit wrote, "Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to removal in writing. . . ." 342 F.3d at 516. "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." Id.

Defendant Tennessee Fine Wines argues that it did not join in Defendant Association's Notice of Removal and has not consented and will not consent to removal of the action. Defendant Affluere argues likewise. Therefore, they both contend that Defendant Association's Notice of Removal is defective, requiring the case to be remanded to the Chancery Court for

---

[2] 28 U.S.C.A. § 1441(a) provides, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Davidson County. Defendant Association argues, however, that Defendants Tennessee Fine Wines and Affluere were not properly joined and served within the meaning of § 1446(b)(2)(A) and, that being so, their consent was unnecessary.

Defendant Association supports its contention that Defendants Tennessee Fine Wines and Affluere were not properly joined by pointing this Court to the Complaint. In the Complaint, Plaintiff Byrd refers to "Defendant Total Wine Spirits Beer & More" and "Defendant Kimbrough Fine Wine & Spirits." (Docket No. 1-1 at 2, ¶¶ 3-4). According to Defendant Association, those defendants do not exist; they are nothing more than the names under which the corporate entities Tennessee Fine Wines & Spirits, LLC and Affluere Investments, Inc., respectively, propose to do business if the Commission grants them a license. Given that neither Tennessee Fine Wines and Spirits, LLC nor Affluere Investments, Inc. is a named defendant in the Complaint, Defendant Association argues that they were not properly joined.

Defendant Association supports its contention that Defendants Tennessee Fine Wines and Affluere were not properly served by pointing the Court to the record of the Chancery Court at the time of removal. It relies on <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 351 (1999) for the proposition that "the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." With respect to summons that were issued, Defendant Association argues that the Chancery Court record contained only a copy of a summons issued to "Total Wine Spirits Beer & More" that was directed not to Tennessee Fine Wines & Spirits, LLC's registered agent, but to Attorney Alex Little at a law firm in Nashville. At the time of removal on October 19, 2016, the Chancery Court record contained no filed returns showing service of that or any other summons. Defendant Association essentially argues that Defendants Tennessee Fine Wines and Affluere

7

were not properly served because the Chancery Court record contained neither summons issued to them using their proper legal names nor returns of service. Importantly, it contends that "there is no evidence that . . . the real parties in interest[] were properly served prior to removal of the case on October 19." (Docket No. 23 at 8).

Defendants Tennessee Fine Wines and Affluere assert that they were properly joined and served. Defendant Tennessee Fine Wines cites a case from this Court, Brown v. New Jersey Mfrs. Ins. Grp., 322 F. Supp. 2d 947 (M.D. Tenn. 2004), to support its argument that it and Defendant Affluere were "properly joined." In that case, this Court held that because the defendant business had notice of the lawsuit despite plaintiff's mistake in suing the wrong, but very closely aligned business, the time to remove the suit began to run from service of the original, misnamed complaint, making defendant's removal untimely. Brown, therefore, makes clear that misnaming an entity in a complaint need not be fatal. This Court holds that Defendants Tennessee Fine Wines and Affluere were properly joined despite the references to their "dba" names in the Complaint, especially because Plaintiff Byrd sufficiently identifies Defendants Tennessee Fine Wines and Affluere by stating their respective principal offices.[3]

With respect to being "properly served," Defendant Tennessee Fine Wines argues that it was served prior to the date on which Defendant Association filed its Notice of Removal as evidenced by the information on the return of service, even though the return of service had not

---

[3] In his Complaint, Plaintiff Byrd states that "Kimbrough recently incorporated in Tennessee, but its principal office and headquarters are at 3367 S. Skyhawk View Cir., West Valley City, Utah 84128[,]" and "Total Wine is incorporated in Delaware and its corporate headquarters are located at 6600 Rockledge Drive, No. 150, Bethesda, MD 20817." (Docket No. 1-1 at 2, ¶¶ 3-4). As Defendant Association points out for the Court, "[a]ccording to the Secretary of State, Affluere Investments, Inc., is a Tennessee corporation with its principal office in West Valley City, Utah[,]" and "[a]ccording to the Secretary of State, Tennessee Fine Wines & Spirits, LLC, is a Tennessee corporation with its principal office in Bethesda, MD[.]" (Docket No. 23 at 2-3).

yet been filed.[4] Furthermore, Defendant Tennessee Fine Wines correctly points out that the summons is important to directing a party to participate in a civil action only insofar as service of process has not been waived. See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 351 (1999) ("*Unless a named defendant agrees to waive service*, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.") (emphasis added). As such, Defendant Tennessee Fine Wines argues that because Defendant Affluere filed an answer in the Chancery Court without pleading insufficiency of process or service, Defendant Affluere waived those defenses pursuant to Tenn. R. Civ. P. 12.08 and was deemed served. Defendant Tennessee Fine Wines argues that Defendant Association cites no authority holding that 28 U.S.C. § 1446(b)(2)(A) requires service of process on a party who has answered and waived service. The Court notes that Defendant Affluere argues, on its own behalf, that it was served on September 29, 2016. But whether Defendant Affluere waived service or was served is not important in light of the evidence in the record that Defendant Affluere filed an answer and a motion for judgement on the pleadings in the Chancery Court in response to Plaintiff Byrd's Complaint.

Defendant Association, as "the party seeking removal[,] bears the burden of establishing its right thereto." Brown, 322 F. Supp. at 950. Defendant Association implicitly asks this Court to find that it was only required to obtain the consent of other defendants who it knew or should have known had been served by making much of the fact that no returns of service had been filed at the time of removal. However, even by that standard, Defendant Association misses the mark.

---

[4] A return of service was filed in the Chancery Court on October 21, 2016, after removal of the case, indicating that a summons had been sent to Total Wine Spirits Beer & More on October 17, 2016 and the return receipt, signed by one Lisa Vo on October 17, 2016, had been received on October 19, 2016. (Docket No. 14-1 at 1-2). Attorney Alex Little filed a declaration stating that he "accepted . . . service on behalf of Defendant Tennessee Fine Wines & Spirits LLC dba Total Wine Spirits Beer & More the following day, October 18, 2016." (Docket No. 14 at 1, ¶ 3).

9

The fact that Defendant Association attached the Chancery Court pleadings to its Notice of Removal belies its assertion that "there is no evidence that . . . the real parties in interest[] were properly served prior to removal of the case on October 19." (Docket No. 23 at 8). Given that Defendant Affluere answered the Complaint, Defendant Association knew that Defendant Affluere had been served and that it needed Defendant Affluere's consent to remove. See Crockett v. Mut. of Omaha Bank, No. 3:12-CV-00779, 2013 WL 2384344, at *2 (M.D. Tenn. May 30, 2013), report and recommendation adopted, No. CIV. 3:12-0779, 2013 WL 3335113 (M.D. Tenn. July 2, 2013) (rejecting defendants' argument that they did not know other defendants had been served when they removed the case because returns of service had not yet been filed, and finding that there were "clear indications" sufficient for defendants to know that the consent of other defendants may have been required to remove the case).

Even if Defendant Association did not know that Defendant Tennessee Fines Wines had been served when in fact it had been, it knew that Defendant Affluere had been served. This Court finds that, under the circumstances, Defendant Association cannot defeat Defendants Tennessee Fine Wines' and Affluere's Motions to Remand by arguing that they had not been properly joined and served.

### B. Realigning Parties

"It is [the court's] duty . . . to look beyond the pleadings, and arrange the parties according to their sides in the dispute." City of Indianapolis v. Chase Nat. Bank of City of N.Y., 314 U.S. 63, 69 (1941) (internal quotation marks and citations omitted). "[I]t is the court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation." Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 559 (6th Cir. 2010) (citations omitted). "[P]arties [must] be aligned in accordance with the primary

dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment." U.S. Fid. & Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992) (citations omitted).

Defendant Association argues that this Court should realign Defendants Tennessee Fine Wines and Affluere as plaintiffs, eliminating the need for them to consent to removal. It asserts that the dispute in this action centers around the constitutionality of the residency requirement for obtaining a retail package store license under Tenn. Code Ann. § 57-3-204(b)(2)(A). Defendant Association argues that Plaintiff Byrd, Defendant Tennessee Fine Wines, and Defendant Affluere all believe a court should find it unconstitutional, whereas it thinks the residency requirement is constitutional.

Defendants Tennessee Fine Wines and Affluere, as nonresidents of Tennessee seeking licenses within the state, undoubtedly would like a court to find the residency requirement unconstitutional. Defendant Association points to a number of factors that indicate that Plaintiff Byrd takes the same position as Defendants Tennessee Fine Wines and Affluere. For example, the Tennessee Attorney General, who represents Plaintiff Byrd, has written two Opinions in which he states that the residency requirement is unconstitutional. (Docket No. 1-3). Furthermore, Plaintiff Byrd states in his Complaint that the Commission would recommend approving Defendants Tennessee Fine Wines' and Affluere's pending license applications in reliance on the Tennessee Attorney General's Opinions. However, Plaintiff Byrd argues that Defendant Association "gives the false impression that only the Association is adverse to Plaintiff when, in fact, all three defendants are adverse to Plaintiff as they have all made threats of litigation regarding Plaintiff's pending decision to grant or deny licenses to the nonresident defendants." (Docket No. 36 at 2).

The Court finds Plaintiff Byrd's argument to be specious. A close reading of the Complaint reveals that the only party that has actually threatened Plaintiff Byrd with suit is Defendant Association. In Plaintiff Byrd's own words, Defendants Tennessee Fine Wines and Affluere "have *suggested* . . . they will pursue legal action against the Commission" if their license applications are denied. (Docket No. 1-1 at 5, ¶ 18) (emphasis added). It is clear from the Complaint that Plaintiff Byrd does not intend to follow the residency requirement absent a court's determination that it is constitutional. Given the Tennessee Attorney General's involvement in this action, it is equally clear to this Court that the interests of Plaintiff Byrd and Defendants Tennessee Fine Wines and Affluere align.

Nevertheless, Defendants Tennessee Fine Wines and Affluere argue that realignment is unnecessary. They point out, correctly, that cases cited by Defendant Association, such as City of Indianapolis v. Chase Nat. Bank of City of N.Y., 314 U.S. 63 (1941), Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554 (6th Cir. 2010), and U.S. Fid. & Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085 (6th Cir. 1992) all deal with realigning parties when federal jurisdiction is based on diversity. Here, however, the Court has federal question jurisdiction over the suit.

Defendant Tennessee Fine Wines contends that Defendant Association's failure to get its and Defendant Affluere's consent is a procedural, non-jurisdictional defect. See Loftis, 342 F.3d at 516 (characterizing the breach of the rule of unanimity as a technical defect in the removal process). It urges this Court to adopt the reasoning in Energy Partners of Delaware, Ltd. v. Dominion Expl. & Prod., Inc., No. CIV.A. 05-6641, 2006 WL 1030391, at *2 (E.D. La. Apr. 18, 2006). In that case, as here, the defendant removed the suit to federal court based on federal question jurisdiction, failed to get his co-defendant's consent, and asked the court to cure that

12

defect by realigning the co-defendant as a plaintiff. See Energy Partners, 2006 WL at *1. The Energy Partners court stated that it has a duty to properly align parties when it relates to jurisdiction, but then reasoned that "consent to removal is not a jurisdictional issue: it is a procedural defect that can be cured. Therefore, the Court is under no *duty* to realign the parties to cure [removing defendant's] procedural failure to obtain [co-defendant's] consent." Id. at *4.

Defendant Tennessee Fine Wines argues that the Energy Partners court's conclusion is consonant with the principle that "[t]he removal statute is to be strictly construed, with all doubts resolved against removal." See Brown, 322 F. Supp. 2d at 950 (citing Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir.1989)). It asserts that "[w]here the district court's jurisdiction is not at stake, realigning parties to correct one defendant's procedural failure to comply with the removal statute is not consistent with strictly construing that statute." (Docket No. 30 at 4).

Defendant Association quarrels with the contention that realignment of parties is reserved only to cases involving diversity jurisdiction. It most relevantly cites Graham v. Tennessee Secondary Sch. Athletic Ass'n, No. 1:95-CV-044, 1995 WL 115890 (E.D. Tenn. Feb. 20, 1995). In that case, removal was premised upon the presence of a federal question and the removing defendant asked the court to realign the nonconsenting defendant as a party plaintiff because the nonconsenting defendant's interest and the plaintiff's interest aligned. The court granted the removing defendant's request, noting its responsibility to align parties according to their interests in the litigation and citing cases such as City of Indianapolis v. Chase Nat. Bank of City of N.Y., 314 U.S. 63 (1941) and U.S. Fid. & Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085 (6th Cir. 1992). See Memorandum and Order at 3-4, Graham v. Tennessee Secondary Sch. Athletic Ass'n, No. 1:95-CV-044, 1995 WL 115890 (E.D. Tenn. Feb. 20, 1995).

13

This Court's search has also revealed another case in which removal was based on federal question jurisdiction, but the court realigned parties, preventing the fact that a co-defendant had not joined in the removal petition from defeating removal. See Still v. DeBuono, 927 F. Supp. 125, 131 (S.D.N.Y.), aff'd, 101 F.3d 888 (2d Cir. 1996) ("Due to the harmony of interests between petitioners and State respondents in this case, the court realigns State respondents as petitioners for purposes of removal. Thus the removal petition was not defective because of State respondents' failure to join in it."). Even in the context of a case that was removed to federal court on the basis of diversity jurisdiction, a court was willing to realign parties not to create diversity jurisdiction, but to remedy the fact that one of the named defendants had not consented to removal. See Premier Holidays Int'l, Inc. v. Actrade Capital, Inc., 105 F. Supp. 2d 1336, 1341 (N.D. Ga. 2000).

Consequently, this Court will grant Defendant Association's Motion to Realign Parties. The Energy Partners court simply stated that it was under no duty to realign parties to cure the procedural defect of not obtaining the consent of all defendants. It never said it was forbidden to do so. This Court does not believe that realigning Defendants Tennessee Fine Wines and Affluere as plaintiffs violates the principle that the removal statute should be strictly construed with all doubts resolved against removal. The Court adopts the reasoning in Premier Holidays "that no policy is served by allowing a mislabeled 'defendant' to defeat the true defendants' right to remove the case by withholding its consent." See 105 F. Supp. 2d at 1341. The Court agrees that "[t]he joinder requirement is designed only to insure a unanimous choice of a federal forum by the defendants. It cannot reasonably be understood to give a party who in reality occupies a position in conflict with that of other defendants a veto over the removal of the action." See id. (citing First Nat. Bank of Chicago v. Mottola, 302 F. Supp. 785, 790 (N.D. Ill. 1969), aff'd sub

14

nom. First Nat. Bank of Chicago v. Ettlinger, 465 F.2d 343 (7th Cir. 1972)). Given the fact that Defendants Tennessee Fine Wines' and Affluere's interests accord with Plaintiff Byrd's and conflict with Defendant Association's, the Court will realign them.

Anticipating the possibility that this Court would realign the parties, Defendant Tennessee Fine Wines contends that the parties should be realigned such that Defendant Association is the functional plaintiff and Plaintiff Byrd is the functional defendant. Under such a realignment, Defendant Association would have no right to remove the action. See 28 U.S.C. § 1441(a). Defendant Tennessee Fine Wines argues that "[u]nder the functional test for party status, courts are not required to look solely to the party which initiates the claim. Rather, a court looks to which party is attempting to achieve a particular result and which party is resisting the other party's claims." OPNAD Fund, Inc. v. Watson, 863 F. Supp. 328, 334 (S.D. Miss. 1994) (citing Mason City & Ft. D.R. Co. v. Boynton, 204 U.S. 570, 579-80 (1907)). Because Plaintiff Byrd "is seeking a declaratory judgment as a **defensive** measure against alleged threats of litigation by the Association, Tennessee Fine Wines, and [Affluere][,]" Defendant Tennessee Fine Wines urges the Court to make Plaintiff Byrd the defendant and Defendant Association the plaintiff. (Docket No. 30 at 5). The Court will decline to do so.

The cases that Defendant Tennessee Fine Wines cites, Gen. Motors Corp. v. Gunn, 752 F. Supp. 729 (N.D. Miss. 1990) and In re Gardner, No. CIV.A.06 9154, 2007 WL 625825 (E.D. La. Feb. 26, 2007), do not support its suggestion for realignment in the context of a declaratory judgment action. In those cases, the court found that the action of one of the parties, namely filing a bill of discovery in state court in Gunn and filing a petition to appoint an umpire in state court in In re Gardner, was "ancillary to the suit." In re Gardner, 2007 WL at *3; Gunn, 752 F. Supp. at 732. Thus, the court realigned those parties as the defendant. Id.

15

Those cases are qualitatively different than the case at bar. Plaintiff Byrd filed an action for declaratory judgment in order to determine the rights of all parties, including himself, under Tenn. Code Ann. § 57-3-204(b)(2)(A). His declaratory judgment action is not ancillary to the main suit as described in Gunn and In re Gardner. Simply put, it is the main suit, and Byrd is the plaintiff.

Given that Defendants Tennessee Fine Wines and Affluere will be realigned as plaintiffs, their consent to removal is not required. For that reason, the Court will deny Defendants Tennessee Fine Wines' and Affluere's Motions to Remand.

### C. Attorney's Fees

As part of their Motions to Remand, Defendants Tennessee Fine Wines and Affluere seek awards of attorney's fees. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because the Court will deny the Motions to Remand, it will also deny the requests for attorney's fees.

### CONCLUSION

For the foregoing reasons, Defendant Association's Motion to Strike, (Docket No. 32), will be denied. Defendant Association's Motion to Realign Parties, (Docket No. 24), will be granted. Defendants Tennessee Fine Wines and Affluere will be realigned as plaintiffs. Defendant Tennessee Fine Wines' and Defendant Affluere's Motions to Remand, (Docket Nos. 9, 20), and their requests for attorney's fees will be denied. Furthermore, Defendant Tennessee Fine Wines' Motion to Ascertain Status, (Docket No. 40), will be denied as moot.

A separate order shall be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE