IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLAYTON BYRD in his official capacity as Executive Director of the TENNESSEE ALCOHOLIC BEVERAGE COMMISSION, *et al.*, <br><br> Plaintiffs, <br><br> V. <br><br> TENNESSEE WINE AND SPIRITS RETAILERS ASSOCIATION, <br><br> Defendant. | Case No. 3:16-cv-02738 <br><br> Judge Sharp <br> Magistrate Judge Frensley |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Tennessee Wine and Spirits Retailers Association's ("Association") Rule 56(d) Motion, (Docket No. 69), to which Plaintiff Tennessee Fine Wines and Spirits, LLC (d/b/a Total Wine Spirits Beer & More) ("Tennessee Fine Wines") and Plaintiff Clayton Byrd ("Byrd") have filed Responses in Opposition, (Docket Nos. 72 & 75). Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may . . . take discovery[.]" Fed. R. Civ. P. 56(d)(2). Defendant Association moves the Court to grant it leave to conduct discovery prior to responding to Plaintiff Tennessee Fine Wines' Motion for Partial Summary Judgment, (Docket No. 55), and Plaintiff Affluere Investments, Inc.'s (d/b/a Kimbrough Fine Wine & Spirits) ("Affluere") Motion for Preliminary Injunction, (Docket No. 63). For the reasons set forth below, the Court will deny Defendant Association's motion.

1

"'The threshold question in every federal case is whether the court has the judicial power to entertain the suit.'" Parsons v. U.S. Dep't of Justice, 801 F.3d 701, 709 (6th Cir. 2015) (citing National Rifle Assoc. of Am. v. Magaw, 132 F.3d 272, 279 (6th Cir.1997)). Federal courts may exercise jurisdiction only where there is an actual "case or controversy." See U.S. Const. art. III, § 2. Justiciability doctrines, such as "standing" and "ripeness," give meaning to Article III's "case or controversy" requirement. Magaw, 132 F.3d at 279. "Standing requires a litigant to have suffered an injury-in-fact, fairly traceable to the defendant's allegedly unlawful conduct, and likely to be redressed by the requested relief." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). Where, as here, a party seeks declaratory relief, the Court "must ask whether the parties have 'adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment' even though the injury-in-fact has not yet been completed." Id. at 280 (citations omitted). "Ripeness requires that the 'injury in fact be certainly impending' . . . [and] separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review." Id. (citations omitted).

Defendant Association urges the Court to permit it to conduct discovery on issues of standing and ripeness before responding to the pending motions that go to the constitutionality of the residency requirement under T.C.A. § 57-3-204(b)(2)(A). In addition to the residency requirement, applicants for a retail package store license must meet other conditions. See Tenn. Code Ann. § 57-3-208(a)-(b)(1)&(2) (securing a location for the business); Tenn. Code Ann. § 57-3-210(d) (not having engaged in business in violation of any state's liquor laws, rules, and regulations); Tenn. Code Ann. § 57-3-204(b)(2)(D) (being at least twenty-one years old); Tenn.

Code Ann. § 57-3-204(b)(2)(G) (not intending to carry on the business as an agent of or on behalf of another).

Defendant Association argues that both Plaintiff Tennessee Fine Wines' and Plaintiff Affluere's standing is called into question because they may not have valid applications for retail package store licenses. (Docket No. 70 at 6). Defendant Association supports that argument by pointing to a local newspaper report suggesting that Plaintiff Tennessee Fine Wines no longer has a lease on the store location for its business, (Docket No. 69-1), and to filings by Plaintiff Affluere, (Docket Nos. 63-1 & 63-2), that suggest the possible loss of the contract to purchase the store for its liquor business. Furthermore, based off information found in Plaintiff Tennessee Fine Wines' application to the Tennessee Alcoholic Beverage Commission ("the Commission"), Defendant Association believes that Plaintiff Tennessee Fine Wines' structure and supposed violations of other states' liquor regulations preclude the Commission from granting it a license. Therefore, Defendant Association requests discovery to determine if evidence would establish that the Commission must deny Plaintiffs' applications on statutory grounds other than the residency requirement.[1] Defendant Association also argues that the constitutional challenge to the residency requirement that Plaintiff Tennessee Fine Wines raises in its Motion for Partial Summary Judgment would not be ripe if it is ineligible for a retail package store license based on another statutory ground.

The Court disagrees with Defendant Association that it needs to conduct discovery before responding to the Plaintiffs' pending motions. With respect to standing, Defendant Association's argument can be summed up as follows: Plaintiffs do not have standing to challenge the

---

[1] Defendant Association also asserts that it is entitled to some discovery on the irreparable harm Plaintiff Affluere contends it will suffer in its Motion for Preliminary Injunction. Defendant Association argues that "[t]he contract for the purchase of the store, which [Plaintiff Affluere] has produced, indicates that it was entered into by Mr. Ketchum[, a co-owner of Plaintiff Affluere,] with knowledge that the Residency Statute might prevent consummation of the transaction." (Docket No. 70 at 6, n.6).

3

residency requirement unless the Commission would grant them a license but for that requirement. However, that proposition is contrary to established law. For example, in <u>Ne. Florida Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.</u>, 508 U.S. 656 (1993), a case in which the plaintiff brought an equal protection challenge to a city ordinance giving preferential treatment to minority-owned businesses in awarding city contracts, the Supreme Court held:

> When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, *a member of the former group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing*. The "injury in fact" in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit. . . . And in the context of a challenge to a set-aside program, the "injury in fact" is *the inability to compete on an equal footing* in the bidding process, not the loss of a contract

508 U.S. at 666 (emphasis added). To establish standing, the plaintiff in that case "need[ed] only [to] demonstrate that it [was] able and ready to bid on contracts and that a discriminatory policy prevent[ed] it from doing so on an equal basis." <u>Id.</u> Courts have applied <u>Florida Chapter's</u> "equal footing" doctrine to find standing where plaintiffs challenge state laws they allege are discriminatory under the dormant Commerce Clause. See <u>Conservation Force, Inc. v. Manning</u>, 301 F.3d 985, 990 n.3 (9th Cir. 2002) (citing <u>Florida Chapter's</u> "inability to compete on an equal footing" as sufficient injury when nonresident plaintiffs brought a dormant Commerce Clause challenge to Arizona's cap on the percentage of hunting permits issued to nonresidents); <u>All. for Clean Coal v. Miller</u>, 44 F.3d 591, 594 (7th Cir. 1995) (stating, in the context of a dormant Commerce Clause challenge to an Illinois statute, that "the injury is not a particular lost sale but the 'inability to compete on an equal footing.'").

Furthermore, in <u>Maxwell's Pic-Pac, Inc. v. Dehner</u>, 887 F. Supp. 2d 733 (W.D. Ky. 2012), <u>aff'd in part, rev'd in part,</u> 739 F.3d 936 (6th Cir. 2014), the district court found that

plaintiffs had standing to bring an equal protection challenge to an allegedly discriminatory liquor licensing law. 887 F. Supp. 2d 733, 742 ("The Intervening Defendant also argues that a favorable decision from this Court would not redress the alleged injury because it would not guarantee Plaintiffs licenses to sell liquor and wine. Though this premise is surely correct, the conclusion drawn from it mistakes the nature of the alleged injury. The harm Plaintiffs suffer is not that some retailers have licenses while they do not; it is that Plaintiffs cannot apply for licenses on the same footing as other retailers.").

Under Florida Chapter, Plaintiffs need not prove that they "would . . . obtain[] the benefit [of a retail package store license] but for the barrier [of the residency requirement] in order to establish standing." 508 U.S. at 666. Rather, for standing purposes, they need only show that they are "able and ready" to apply for a retail package store license and "that a discriminatory policy prevents [them] from doing so on an equal basis." Id. The filings in this case support Plaintiffs' readiness to apply for a retail package store license. (Docket No. 1-1 at 4, ¶¶ 11-15; Docket No. 55-1 at 1-3, ¶¶ 3-15; Docket No. 63-1 at 1-2, ¶¶ 2-6). And the crux of the dormant Commerce Clause challenge to the residency requirement is that it allegedly impermissibly favors Tennessee interests, not allowing non-residents to obtain a retail package store license on equal footing as Tennessee residents.

With respect to ripeness, the Court finds that the constitutional challenge is ripe for decision. In order to determine if an issue is ripe, the Court considers "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." Thomas v. Union Carbide Agr. Prod. Co., 473 U.S. 568, 581 (1985) (internal quotation marks and citation omitted). The Court agrees that the constitutional challenge meets the fitness requirement because "[t]he issue presented in this case is purely legal, and will not be clarified

by further factual development." Union Carbide, 473 U.S. at 581. Furthermore, the Court agrees that "denying prompt judicial review would impose a substantial hardship" on Plaintiffs, Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2347 (2014), namely leaving them subject to the allegedly discriminatory residency requirement.

For the foregoing reasons, the Court hereby DENIES Defendant Association's Rule 56(d) Motion, (Docket No. 69), for leave to conduct discovery prior to responding to Plaintiff Tennessee Fine Wines' Motion for Partial Summary Judgment, (Docket No. 55), and Plaintiff Affluere's Motion for Preliminary Injunction, (Docket No. 63). Defendant Association has twenty-one (21) days from entry of this Order to file a response in opposition to those motions, and Plaintiffs have seven (7) days to file a reply.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE